WELCH, J.,
concurring in part and dissenting in part.
Ill respectfully concur in part and dissent in part with the majority opinion in this case. I agree with the majority’s conclusion that the plaintiffs’ failure to timely object to the trial judge’s procedure with regard to the exercise of peremptory challenges during the jury selection process constituted a waiver of that objection, even though the procedure used by the trial judge was, in my opinion, unorthodox and contrary to the method dictated by La. C.C.P. art. 1766(B).
However, I disagree with the majority’s conclusion that while “it may have been erroneous to leave ‘in Louisiana’ in the jury instructions” concerning the appropriate standard of care, the jury was not misled or confused to the extent that it was precluded from dispensing justice. The trial judge’s instruction was erroneous and incorrect as a matter of law, and I believe the record demonstrates that the instruction did not adequately guide the jury and misled the jury to the extent that it was prevented from dispensing justice.
In a medical malpractice action based on the negligence of a licensed physician, the plaintiff has the burden of proving, among other things:
The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circum *364 stances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular’ medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians ... within the involved medical specialty.
La. R.S. 9:2794(A)(1).
|2EssentiaIly, La. R.S. 9:2794(A)(1) provides two standards — one for specialist and one for general practitioners. Specialists are subject to a common standard to be discerned from within their specialty (generally referred to as “the national standard”), while general practitioners are held to the standards prevailing in the community or locale in which they practice and under similar circumstances (generally referred to as “the local standard”). See Leyva v. Iberia General Hospital, 94-0795 (La.10/17/94), 643 So.2d 1236, 1238-1239; Ardoin v. Hartford Ace. & Indem. Co., 360 So.2d 1331,1340 (La.1978).
In this case, it was not disputed that Dr. Landry was a licensed physician practicing in the specialty of obstetrics and gynecology and that the alleged acts of malpractice raised issues peculiar to the specialty of obstetrics and gynecology. Therefore, the appropriate standard of care for Dr. Landry was the degree of care ordinarily practiced by physicians within the specialty of obstetrics and gynecology, or in other words, the national standard. However, the standard of care instruction given by the trial judge, while containing some language concerning a medical specialty, specifically included a reference to a locale or community — “in Louisiana” and further incorporated the mitigating phrase — “under similar circumstances” — both of which are components of the local standard. Thus, the trial judge gave a legally incorrect instruction on the applicable standard of care.
When the trial judge’s erroneous instruction is considered in light of the fact that both of the plaintiffs’ experts were from outside of Louisiana and all of the defendant’s experts were either practicing or licensed to practice in Louisiana at the time of the alleged malpractice, I believe that the instruction was confusing and did not adequately guide the jury in its deliberation.
The confusion of the jury regarding the applicable standard of care is | sevidenced by the fact the jury specifically asked the trial judge for clarification on the standard of care, to which the trial judge responded that the standard of care was not defined in their instructions (even though a legally incorrect instruction had previously been provided), that he could not give them a definition, and that the standard of care was a fact to be determined by them. The trial judge’s response in this regard not only exacerbated the jury’s apparent confusion concerning the applicable standard of care, but it also demonstrates the trial judge’s failure to properly assist the jury by explaining the correct and applicable law.
Given the combination of all of these errors, the trial judge’s erroneous jury instructions confused the jury to the extent that it was precluded from dispensing justice and, therefore, its verdict should be set aside. Thus, I respectfully dissent in part.